UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLDWAY INTERNATIONAL INVESTMENT HOLDINGS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED BIOENERGY LP, et al.,<br><br>Defendants. | No. 1:20-cv-01756-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. No. 14) |

This matter is before the court on plaintiff's motion to remand this action to the Fresno County Superior Court. (Doc. No. 14.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 15.) For the reasons explained below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On November 4, 2020, plaintiff Worldway International Investment Holdings Limited ("Worldway") filed a complaint in Fresno County Superior Court against defendant Advanced Bioenergy LP, defendant California Energy Investment Center, LLC, and defendant Aemetis, Inc., (collectively, "defendants"), alleging four claims under California state law: (1) breach of contract; (2) declaratory judgment, California Civil Code §§ 1060, *et seq*.; (3) unfair competition, California Business and Professions Code §§ 17200, *et seq*.; and (4) unjust enrichment. (Doc.

1

No. 1 at 5.) In its complaint, plaintiff alleges that defendants breached the parties' finder's agreement, in which defendants had retained plaintiff, "a firm that provides immigration consulting services to individuals throughout greater China, to assist in identifying potential investors in China and introducing them to defendants." (Doc. No. 1 at 6, ¶ 5.) Plaintiff alleges that defendants owe it "$1,618,000.00 for introducing them to foreign investors who provided funds used to invest in com ethanol plants in central California." (*Id.* at ¶ 1.)

On December 9, 2020, defendants timely removed this action to this federal court, asserting that this court has subject matter jurisdiction under both 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332(a)(2) (diversity of citizenship). (Doc. No. 1 at 2.) On January 8, 2021, plaintiff filed a motion to remand this action to the Fresno County Superior Court, arguing that defendant's notice of removal does not invoke diversity jurisdiction because plaintiff and defendant Advanced Bioenergy LP are both foreign parties, and removal is not proper under federal question jurisdiction because plaintiff's complaint raises only state law claims. (Doc. No. 14 at 6–8.) On February 2, 2021, defendants filed an opposition to the pending motion to remand, addressing only federal question jurisdiction and abandoning their assertion that removal is proper based on diversity jurisdiction.[1] (Doc. No. 27.) On February 9, 2021, plaintiff filed a reply thereto. (Doc. No. 34.)[2]

---

[1] The court has reviewed the jurisdictional allegations in defendants' notice of removal and considered plaintiff's arguments with regard to the lack of complete diversity, namely that foreign parties are on both sides of this litigation: plaintiff is a foreign party (a British Virgin Islands corporation) and defendant Advanced Bioenergy LP is also a foreign party (a partnership with partners who are residents and citizens of China). (Doc. No. 14 at 6–7.) The court agrees with plaintiff that to the extent defendants removed this action based on diversity pursuant to 28 U.S.C. 1332(a)(2), such removal was improper. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) ("Although the federal courts have jurisdiction over an action between 'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.C. § 1332(a)(2), diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants."); *Faysound Ltd. v. United Coconut Chem., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (noting that the presence of a U.S. citizen defendant does not save jurisdiction as to a foreign defendant in an action brought by foreign plaintiff).

[2] The undersigned apologizes to the parties for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation, which has continued unabated for over twenty-two months now, has left the undersigned presiding over

**LEGAL STANDARD**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* at 398–99. "If a defendant seeks to remove the case on federal question grounds, jurisdiction must be determined from the face of the well-pleaded complaint,

---

approximately 1,300 civil cases and criminal matters involving 732 defendants at last count. Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

unaided by the answer or by the petition for removal." *Preciado v. Ocwen Loan Servicing*, No. 2:11-cv-1487-CAS-VBK, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011) (citing *California ex rel. Lockyer*, 375 F.3d at 838).

## ANALYSIS

**A.      Motion to Remand**

In the pending motion, plaintiff argues that this court lacks subject matter jurisdiction over this straightforward breach of contract case, in which plaintiff asserts only state law claims, because there is no federal question presented on the face of its complaint. (Doc. No. 14 at 8.)

In their opposition to plaintiff's motion, defendants argue that federal question jurisdiction exists because in its complaint, plaintiff alleges that "it is entitled to collect deferred compensation," but "federal law requires that the finder must register as a broker in order to claim eligibility for deferred compensation." (Doc. No. 27 at 4.) According to defendants, this court has federal question jurisdiction based on the Securities Exchange Act of 1934, which requires broker-dealers (defined as "any person engaged in the business of effecting transactions for the account of others") to register with the Securities and Exchange Commission ("SEC") in order to be entitled to compensation. (*Id.* at 4–5.) Similarly, defendants contend that a federal question is raised by the complaint filed in this action because plaintiff seeks compensation for its services in finding "foreign investors to obtain U.S. citizenship under the auspices of an EB-5 Immigration Program developed under the U.S. Citizenship and Immigration Services," and "[t]he EB-5 Immigration Program, [requires that] all finders/brokers of foreign investors must register with the SEC and FINRA [the Financial Industry Regulatory Authority]." (*Id.* at 3, 6.) Defendants essentially argue that federal question jurisdiction exists because they intend to defend against plaintiff's claims by asserting that plaintiff failed to register with the SEC as a finder/broker and therefore cannot seek compensation for the services it provided to defendants. (*Id.* at 6–7.)

In its reply, plaintiff counters that defendants' argument in this regard ignores the well-pleaded complaint rule because plaintiff's complaint alleges garden variety state common law claims arising from defendants' alleged breach of the parties' finder's agreement. (Doc. No. 34 at

4

3.) As to whether a federal question is raised by plaintiff's allegations that it provided services in the context of the federal EB-5 Program, plaintiff emphasizes that defendants did not cite any authority "for their novel proposition that a simple breach of contract case morphs into a federal question simply because it stands adjacent to a federal regulatory scheme." (Doc. No. 34 at 3.) In support of its contention that "[d]efendants' arguments regarding the EB-5 program do not raise a federal issue," plaintiff cites two cases in which federal courts held that they "are not bestowed with subject matter jurisdiction merely because [a federal program] is an element of the dispute." (*Id.* at 3–4) (citing *Melton v. Suntrust Bank*, 780 F. Supp. 2d 458, 460 (E.D. Va. 2011) (noting that federal Home Affordable Modification Program "appears to merely form part of the backdrop of an otherwise purely state law dispute," and "[a]s the Supreme Court has admonished 'it takes more than a federal element to 'open the arising under door.'") (citation omitted); *Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 16 (D.D.C. 2017) (remanding a case involving a lessor's alleged breach of a motor vehicle lease related to the lessor's response to an airbag safety recall mandated by the National Highway Traffic Safety Administration because the plaintiff lessee's "claims turn on the terms of the lease and the parties' intent with respect to that agreement, when interpreted under state law, and [d]efendants have not asserted that any of the necessary elements of any of [p]laintiff's claims rely upon or implicate federal law").

As to whether the issue of SEC registration raises a federal question, plaintiff contends as an initial matter that defendants waived this SEC registration ground for removal because their "notice of removal never mentions the broker-dealer statutes cited in [their] opposition, much less alleges that federal jurisdiction exists because Worldway violated federal securities law or was required to register with the SEC." (Doc. No. 34 at 4–5) (citing *ARCO Envt'l Remediation LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (holding that a notice of removal must include all grounds for federal jurisdiction and that grounds not raised within the 30-day removal period are waived)). Although it is true that a notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty-day period," *ARCO Envt'l Remediation LLC*, 213 F.3d at 1117, the court does not agree with plaintiff's characterization of defendants' notice of removal or that defendants seek to raise a new and

1   separate ground for removal in their opposition brief.  While somewhat unclear and poorly
2   articulated, defendants' notice of removal asserts that "[r]esolution of [plaintiff's] claims will
3   require the application and interpretation of federal law" because plaintiff "alleges that the
4   contract allegedly breached by [d]efendants was created to facilitate business under the EB-5
5   Program which was created and is regulated under Federal law," including that the contract "ties
6   compensation to 'issuance of the I-526 approval for each respective investor,' with such approval
7   being governed by federal law." (Doc. No. 1 at 2.)  In short, defendants did not waive their
8   federal question ground for removal merely because they have attempted in their opposition brief
9   to articulate the federal law and regulation at issue in more detail.

10  Plaintiff further argues that at most, defendants may have raised a federal question in its
11  *defense* in this action, but that is insufficient to satisfy the well-pleaded complaint rule and cannot
12  serve as the basis for removal. (Doc. No. 34 at 4.)  Specifically, plaintiff contends that "[e]ven if
13  Worldway's registration status with the SEC were an issue (and Worldway will demonstrate at an
14  appropriate time that it is not), that at most would be an effort to raise a federal defense." (*Id.* at
15  6.)  On this point, the court agrees.

16  As noted above, "[t]he general rule, referred to as the 'well-pleaded complaint rule,' is
17  that a civil action arises under federal law for purposes of § 1331 when a federal question appears
18  on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903–04 (9th Cir. 2020)
19  (citing *Caterpillar Inc.*, 482 U.S. at 392).  "Because federal jurisdiction depends solely on the
20  plaintiff's claims for relief and not on anticipated defenses to those claims, a case may not be
21  removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in
22  the plaintiff's complaint . . . ." *Id.* (internal citations and quotation marks omitted).  Here, all of
23  plaintiff's claims arise under state law and "concern defendants' failure to compensate Worldway
24  under the terms of the Finder's Agreement." (Doc. No. 34 at 6.)  There is no federal question
25  raised on the face of plaintiff's complaint.  For example, plaintiff did not allege that defendants
26  failed to comply with SEC requirements or any other federal law. *See Lippitt v. Raymond James*
27  *Fin. Servs., Inc.*, 340 F.3d 1033, 1046 (9th Cir. 2003), as amended (Sept. 22, 2003) (concluding
28  that the district court erred in denying plaintiff's motion to remand where the complaint alleged

6

state law consumer protection and false advertising claims against a defendant seller of security instruments because the plaintiff "challenge[d] conduct solely under state law—irrespective of whether it is legal under [self-regulatory organization rules or the Securities Exchange Act of 1934]"). Plaintiff alleges that defendants breached the parties' finder's agreement by not paying deferred compensation owed pursuant to the terms of that agreement, not pursuant to a federal statute or regulation. In other words, the elements of plaintiff's breach of contract claim will be governed by the terms of the agreement and application of state law.

The court is also not persuaded by defendants' argument that removal is proper because "federal common law is controlling" on "the threshold issue of whether a finder is entitled to deferred compensation." (Doc. No. 27 at 5.) Defendants' argument in this regard is simply a framing of their anticipated defense to plaintiff's claims, i.e., that regardless of whether defendants agreed to pay deferred compensation or not, plaintiff is not entitled to receive any unpaid deferred compensation because it failed to register with the SEC as a broker. That their defense may raise a federal question or hinge on interpretation of registration requirements under federal law does not convert this state common law case into one arising under federal law. *See, e.g.*, *Jain v. Clarendon Am. Co.*, 304 F. Supp. 2d 1263, 1270 (W.D. Wash. 2004) (remanding the case where a federal question was not an element of the plaintiffs' state law contract and tort claims, and noting that the "[d]efendants' argument that the [plaintiffs'] claims are really claims for indemnification barred by federal law is a federal question defense); *Schappel v. UICI*, No. 3:99-cv-1544-G, 1999 WL 1101262, at *2 (N.D. Tex. Dec. 3, 1999) (remanding case involving only state law claims and concluding that "even if [defendant] were to employ the federal securities laws in its defense, a federal defense to state law claims does not create removal jurisdiction").

Accordingly, having found that the court lacks subject matter jurisdiction over this action based on federal question, the court will grant plaintiff's motion to remand this case to the Fresno County Superior Court.

However, the court will not award plaintiff attorneys' fees and costs as requested by plaintiff (Doc. Nos. 14 at 9; 34 at 7–11), because the court finds that defendants' removal of this

7

action was not "objectively unreasonable." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion to remand this action (Doc. No. 14) is granted;
2. Plaintiff's request for attorneys' fees in connection with the motion to remand is denied;
3. This action is remanded to the Fresno County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 6, 2021**

UNITED STATES DISTRICT JUDGE